# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION


FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:27 am, Apr 17, 2019*

| | |
|---|---|
| RICKEY E. RICHARDS, | |
| Movant, | CIVIL ACTION NO.: 5:16-cv-64 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:05-cr-6) |
| Respondent. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Rickey Richards ("Richards") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 to attack his sentence obtained in Case Number 5:05-cr-6. Doc. 1. The Government filed a Response. Doc. 5. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Richards' Motion based on his failure to comply with this Court's Order.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A Magistrate Judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Richards that his suit is due to be dismissed. As indicated below, Richards will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On July 8, 2016, Richards filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence while he was housed at the Federal Correctional Institution in Jesup, Georgia.[2] Doc. 1. This Court directed Respondent to respond to Richards's Motion and ordered Richards to "immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice." Doc. 2-1 at 1. This case was reassigned to the undersigned as the referral judge on September 5, 2018. The Court later entered an Order administratively staying this case pending the lapse in appropriations for the Department of Justice. Doc. 7. In addition, the Court lifted this stay. Doc. 9. These Orders were sent to Richards at his last known address, but these Orders were returned to the Court as undeliverable. Docs. 6, 8, 10. Despite this Court's directive, Richards failed to update his address, in writing, as required. In addition, Richards has not taken any action in this case since he filed his Motion on July 8, 2016. Doc. 1.

**DISCUSSION**

The Court must now determine how to address Richards's failure to comply with this Court's Order. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Richards's § 2255 Motion and **DENY** him leave to appeal *in forma pauperis* and a Certificate of Appealability.

**I.   Dismissal for Failure to Follow this Court's Order**

A district court may dismiss a movant's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to

---

[2]   This case was originally filed in this Court's Brunswick Division, bearing Case Number 2:16-cv-107, but subsequently was transferred to the Waycross Division of this Court. Doc. 3.

2

manage its docket.³ Link v. Wabash R.R. Co., 370 U.S. 626 (1962);⁴ Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

³ Pursuant to Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil Procedure may apply to a § 2255 motion, to the extent the Civil Rules are not inconsistent with the § 2255 Rules.

⁴ In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Richards his failure to update his address would result in the dismissal of his case, without prejudice.  Doc. 2-1 at 1.

3

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Richards has failed to update the Court with his current address, despite this Court's instruction to him regarding this obligation. Doc. 2-1 at 1. Consequently, the Court has no means by which it can communicate with Richards and is unable to move forward with this case. Thus, the Court should **DISMISS without prejudice** Richards's § 2255 Motion, doc. 1, for failure to follow this Court's Order.[5]

---

[5] Alternatively, the Court could deny as moot Richards's Motion, as he was released from custody on August 24, 2018. https://www.bop.gov/inmateloc/, search for "Richards, Ricky," assigned Bureau of Prisons Register Number 12243-021, last accessed Apr. 17, 2019. As Richards only requests that he be resentenced without his Armed Career Criminal Act enhancement and he has been released from custody, his Motion is moot. Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). In addition, the Court could deny Richards' Motion for the reasons Respondent set forth in response to Richards's Motion. Doc. 5 at 3–10.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Richards leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Richards has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of

5

the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Richards's failure to follow this Court's Order and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Richards a Certificate of Appealability, Richards is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Richards *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Richards's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I

further **RECOMMEND** the Court **DENY** Richards leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).

A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Richards and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of April, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA